Haxi, Judge,
 

 delivered the opinion of the Court:
 

 The only question in this case is, Whether the devisee, having sold the, lands in question to a
 
 bona fule
 
 purchaser for a valuable consideration, after process had been taken out against the administrator, with the will annexed, but before a
 
 sdre facias
 
 had issued against him, the devisee, the lands so sold should be subject to the testator’s debts. If any doubts existed on this subject before the act of 1789, oh. 39, that act lias removed them. The third section of that act declares, that
 
 “
 
 wherever an heir or devisee shall be liable to pay the debt of his or her ancestor or testator, &c. and shall sell, &c. before action brought, or process sued out against him or her, that such heir or devisee shall be answerable for such debt to the value, of the. land so sold, &c.” It concludes by declaring,
 
 “
 
 that the lands, &c.
 
 bona fide
 
 aliened before the action brought, shall not be liable to such execution.” This act embraces, not only heirs that were bound at common law, to pay off the debt of their-an-ees tors in consequence of lands descending upon them, and in consequence of being named in the obligations of their ancestors, but also heirs and devisees who are made liable by the statute law, to the simple contract debts of their ancestors. As to the first, there can be' no difficulty, because an action brought or process sued out to recover such debts, must be directly, and in tiie first place, brought against them: as to the latter, it is contended by some, that the action and process spoken of by the act, mca-i the commencement of the suit against the executor or administrator. As lias been already observed, whatever doubts may have existed upon this subject, in consequence of the act of 1784, they have
 
 *30
 
 been removed by the act of 1789, which speaks of
 
 “
 
 actions brought, or process sued out, against him or her,” that is, the heir or devisee, as the case may be. The concluding part of the section exempts “ lands sold
 
 bona fide
 
 before- action brought,” from execution. When the act is speaking of the heir and devisee, and o" actions, &c. brought against them, it is surely a very forced construction to say, that il means actions brought against the. executors or administrators, when they are not mentioned in the act as connected with this subject. Such a construction has no reason to support it, and were it to prevail,
 
 bona fide
 
 sales, made by heirs or devisees who were ignorant even of any process being sued out against the. executor or administrator, would be rendered invalid : the process sued out against the executor or administrator, and the judgment rendered thereon, create no lien upon the real estate descended or devised. In the present case, Williams, the purchaser from the devisee, acquired the lands honestly ; his title is therefore good. Judgment must be entered for the Plaintiff, and the rule for a new trial be discharged.